**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2818-18T1

T.A.B.,

     Plaintiff-Respondent,

v.

E.H.,

     Defendant-Appellant.

_____

> Submitted December 3, 2019 – Decided December 27, 2019
>
> Before Judges Currier and Firko.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FD-06-1696-03.
>
> E.H., appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

     This appeal arises out of a dispute concerning child support. Defendant E.H., the father, appeals from a Family Part order, dated February 13, 2019,

which denied his application to reduce his child support obligation. For the first time on appeal, he also argues his right to parenting time was unconstitutionally denied. Discerning no abuse of discretion, we affirm.[1]

I.

The parties have two children, S.H., who was born in February 2001 and is eighteen years old, and N.H., who was born in February 2003 and is sixteen years old. In June 2003, plaintiff T.A.B., the mother, filed a non-dissolution complaint seeking sole custody of the children, child support, and healthcare coverage. Our limited record on appeal shows plaintiff was designated as the parent of primary residence for both children, child support was established, and later modified.[2] As of February 13, 2019, defendant's child support arrears were $28,002.06.

Defendant is a self-employed, commercially-licensed truck driver, who transports produce, primarily for one carrier. On January 14, 2019, defendant filed an application to decrease his child support obligation. Defendant contended that he could not afford the weekly child support obligation of $165

---

[1] We use initials to protect the parties' interests. See R. 1:38-3(d).

[2] Defendant's appendix does not include any orders entered by the Family Part other than the order under review.

A-2818-18T1

plus arrears of $25 per week established in a June 26, 2008 order. He argued that in 2017, his business had gross receipts of $145,432, but his income was a negative $5398, as set forth on his 2017 federal tax return. No case information statement or other financial documents were provided in support of defendant's application. Plaintiff opposed the application.

On February 13, 2019, a hearing officer considered defendant's application and recommended denying it, reasoning:

> [t]he obligor stated that he is still working as a truck driver (self-employed) but that he is making less money at this time. The obligor's tax returns indicated that he had gross receipts in excess of $145,000.00 yet his gross income was in the negative. As the obligor is working in the same field and as he voluntarily has been working at a lesser rate, the request for a decrease is denied (voluntarily underemployed).

That day, defendant appealed the hearing officer's decision to the Family Part judge. The judge elicited testimony from the parties. Defendant testified he did not have a profitable year because business had been "slow" in the trucking industry for independent operators. In response to the judge's inquiry as to why he does not work for other commercial carriers instead of remaining self-employed, defendant testified that "[a] lot of companies have no work because [i]t's a bad time right now." Defendant disputed that he could earn $27

3

per hour or $75,000 annually elsewhere, telling the judge "[he's] been in the trucking industry. [He] know[s] what's going on."

Plaintiff testified that defendant "works under the table . . . pull[ing] loads for [her] cousin . . . [a]nd a couple other people." She further testified that defendant is a "known criminal," spends money on vehicles and "personalized name plates[,]" and has lied to the court about previous occupations. Plaintiff explained that, despite the support order, defendant has consistently failed to pay child support.

In his February 13, 2019 decision, the judge noted that the parties appeared before him on the same issue previously on September 21, 2016, and, after denying defendant's application for parenting time at the hearing, he ruled,

> [plaintiff's] application for child support recalculation [had] been ordered. $165 a week, $25 in arrears, and that's when we recalculated it.[3] And [$1240] was used for [plaintiff] and $900 for [defendant]. $46,000 a year . . . which is a modest amount for a truck driver to earn, fully employed in our marketplace.

In denying defendant's present application, the judge found:

> that this gentleman is intentionally [underemployed], trying to avoid his obligation to pay child support and [I deny] his application for a reduction.

---

[3] We were not provided with the original order or any modification orders since.

The child support guidelines used a $900 figure for him as a truck driver in our marketplace. We used a modest number for him. He could work -- he could probably earn as much as $75,000 in our marketplace, working for a company if he bothered to try.

But he's in the self-fulfilling prophecy of, I can't make any money as a driver. It's not busy enough. I have to pay for my rig. I have to pay for insurance. I have to pay for fuel, I have to pay for tolls, all which is true, by the way, if you're an owner-operator.

Very difficult to succeed in the entrepreneurial venture he's engaged in. Also, an easy place to hide money, and I deny his application. He's certainly capable of earning $900 a week, which was the amount that was used to calculate this.

Additionally, the judge commented on defendant's 2017 tax return, stating that he apparently "[g]ross[ed] $150,000, $180,000 a year and nett[ed] nothing, according to [defendant's] accountant anyway."

In conclusion, the judge found defendant was "intentionally [underemployed], trying to avoid his obligation to pay child support . . . ." Defendant's application was denied because the judge found he had not shown a substantial change of circumstances, and he was placed on a two-week missed payment warrant status. This appeal ensued.

A-2818-18T1

On appeal, defendant argues the Family Part judge erred by: (1) denying him a fair and impartial hearing by not downward modifying his child support obligation based upon changed circumstances; and (2) unconstitutionally denying defendant's parenting time for more than two years, which was not raised below.

Custody and child support orders "may be revised and altered by the court from time to time[,]" N.J.S.A. 2A:34-23, "on a showing of 'changed circumstances.'" Lepis v. Lepis, 83 N.J. 139, 146 (1980) (citations omitted). See also R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014). Assessments of changed circumstances concerning child support involve consideration of the parties' current situations compared "with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

We review Family Part judges' decisions to modify child support under an abuse of discretion standard. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'"" Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Accordingly, we generally defer to factual findings made by family courts when such findings are "supported by adequate, substantial, credible evidence." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015)); Gnall v. Gnall, 222 N.J. 414, 428 (2015). In contrast, "trial judge[s'] legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Applying these standards to the arguments made by defendant, we discern no abuse of discretion warranting a reversal of the February 13, 2019 order. Defendant argues that the judge failed to apply the proper standard as to modification of his child support obligations. He claims the judge merely focused on defendant's alleged voluntary underemployment as a truck driver and failed to consider his decreased income and increased cost of living expenses.

New Jersey courts have long recognized that "[t]he duty of parents to provide for the maintenance of their children is a principle of natural law." Burns v. Edwards, 367 N.J. Super. 29, 39 (App. Div. 2004) (quoting Greenspan

A-2818-18T1

v. Slate, 12 N.J. 426, 430 (1953)).  Thus, children "have the right to support from their parents[,]" Connell v. Connell, 313 N.J. Super. 426, 430 (App. Div. 1998), and parents are "obliged to contribute to the basic support needs of an unemancipated child to the extent of the parent's financial ability . . . ."  Burns, 367 N.J. Super. at 39 (quoting Martinetti v. Hickman, 261 N.J. Super. 508, 513 (App. Div. 1993)).

As of September 2016, defendant was ordered to pay $165 per week plus $25 per week in arrearages for two teenage children, which the judge said was based on "a modest number."  In calculating the obligation, a $1240 weekly salary was used for plaintiff and $900 weekly salary for defendant.  According to plaintiff's testimony, defendant has not contributed to any of the children's extracurricular activities.  In 2016, the judge noted $46,000 annually "is a modest amount for a truck driver to earn, fully employed in our marketplace."

Here, the judge was correct in rejecting defendant's testimony about his negative income and not relying upon his suspicious tax return.  Moreover, the judge properly exercised his discretion by imputing income to defendant.

"Imputation of income is a discretionary matter not capable of precise or exact determination but rather requiring a trial judge to realistically appraise capacity to earn and job availability."  Storey v. Storey, 373 N.J. Super. 464,

474 (App. Div. 2004).  If a court finds "either parent is, without just cause, voluntarily underemployed or unemployed, it shall impute income to that parent" based on potential earning capacity using work history, occupational qualifications, education, opportunities in the region, or average earnings for that occupation as reported by New Jersey's Department of Labor.  Caplan v. Caplan, 182 N.J. 250, 265 (2005) (quoting Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A).  We will not overturn a trial judge's decision to impute income "unless the underlying findings are inconsistent with or unsupported by competent evidence."  Storey, 373 N.J. Super. at 475.

Here, the judge aptly found defendant had the capability "to earn as much as $75,000 in our marketplace . . . if he bothered to try," by working for different commercial carriers instead of being self-employed.  Having carefully reviewed the record, we are satisfied that the judge did not abuse his discretion in determining defendant failed to establish a substantial change of financial circumstances.

III.

For the first time, defendant argues the challenged order must be vacated because the judge and plaintiff have interfered with his constitutional right to parenting time.

9

"[I]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."  Ricci, 448 N.J. Super. at 567 (alteration in original) (quoting Zaman v. Felton, 219 N.J. 199, 226-27 (2014)).  See also Pressler and Verniero, cmt. 3 on R. 2:6-2 (2020).

Therefore, we decline to address the parenting time issue.  Defendant may file an application in the Family Part to address the parenting time issue, and if he is dissatisfied with the result, he has a right to appeal the decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2818-18T1